[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This habeas petition was filed on November 27, 2000, by the petitioner claiming that Conn. Gen. Stat. § 54-125a(b) as amended by Public Act, 1995 No. 95-255 § 1 (hereinafter the "Act") is ex post facto
and, therefore, unconstitutional. The relief he seeks is that he be considered eligible for parole after serving 50% of his sentences.
Based upon the stipulation of the parties and mittimuses attached thereto, the petitioner's original dates of offense were in September CT Page 4077 28, 1995, prior to the effective date of P.A. 95-255 § 1. In accordance with this Court's recent ruling in the cases of Gus Woods,Jazrael King and Miguel Rentas a copy of which decision is attached hereto, the Court finds that the above mentioned statute as amended by the above mentioned public act as applied to the petitioner in this case is a violation of the ex post facto clause of theConstitution of the United States, Article 1, § 10. The Act is a criminal and penal statute that applies to offenses occurring before July 1 1996, its effective date, and operates to create a significant risk of increased punishment for those offenses. Although the court considers requiring prisoners to serve 85% of their sentence to be a laudable goal, as always our state laws must function within the bounds of the Constitution of the United States. The Act is unconstitutional beyond a reasonable doubt as applied to this petitioner, which must be calculated for the purpose of parole eligibility under the law in effect in 1995.
Accordingly, the petitioner's writ of habeas corpus is granted, and the Court orders warden to recalculate his parole eligibility date in accordance with General 54-125a(b) as it existed at the time the offenses occurred, with respect to each sentence. parties stipulate and this Court finds petitioner's parole eligibility date should be June 20, 2000. Further, the Board of Parole is ordered not to restrict itself to a mandatory minimum service 85% of petitioner's sentence for a crime committed in 1995 as provided by the Act determining his eligibility for parole.
Rittenband, JTR